**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 16-4268**

―――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

VERONICA THOMAS,

                Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, Chief District Judge.  (3:15-cr-00020-GMG-RWT-41)

―――――――

Submitted:  November 17, 2016        Decided:  November 21, 2016

―――――――

Before GREGORY, Chief Judge, and MOTZ and TRAXLER, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Roger D. Curry, CURRY AMOS & ASSOC., LC, Fairmont, West Virginia, for Appellant.  Anna Zartler Krasinski, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Veronica Thomas appeals her conviction and sentence of three years of probation following her plea of guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal but questioning whether Thomas' plea was knowing and voluntary, and whether the district court erred in denying Thomas' motion to be referred to the Northern District of West Virginia's drug court program, a rehabilitative program for individuals with substance abuse problems. We affirm.

A guilty plea is valid where the defendant voluntarily, knowingly, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." United States v. Fisher, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, a district court must ensure that the plea is knowing, voluntary, and supported by an independent factual basis. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).*

---

* The Government has not invoked the appellate waiver contained in Thomas' plea agreement. Therefore, we are not limited by the waiver provision in conducting our Anders review, and we

Because Thomas neither raised an objection during the Rule 11 proceeding nor moved to withdraw her guilty plea in the district court, we review her Rule 11 proceeding for plain error. United States v. Sanya, 774 F.3d 812, 815 (4th Cir. 2014). Our review of the record reveals that the district court fully complied with Rule 11 in accepting Thomas' guilty plea after a thorough hearing. Accordingly, we conclude that her plea was knowing and voluntary, Fisher, 711 F.3d at 464, and thus "final and binding," United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Thomas next contends that the district court erred in denying her motion to be referred to the drug court program. Thomas' application had already been rejected by the drug court program, and we conclude that the district court did not err in ruling that it would be futile to refer her to the program only to be rejected again, as Thomas was already receiving highly successful treatment outside of the program for her drug addiction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Thomas, in writing, of the right to petition the Supreme Court of the United States for further review.

---

need not address its validity. See United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007).

If Thomas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Thomas.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4